# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLINTON T. ELDRIDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-367-WDS** |
| | ) | |
| **KATHLEEN HAWK SAWYER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider (Doc. 5). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question (Doc. 4) was entered in this action on June 2, 2005, and the instant motion was filed on June 13, 2005, within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed

pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that Plaintiff *is* barred from proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g). Further, his argument that cases challenging prison disciplinary proceedings do not qualify as strikes is without merit. The statute clearly states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, **brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted**, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g) (emphasis added).

Finally, Plaintiff argues again that he is imminent danger of serious physical injury, but he merely restates the assertions in his complaint. Namely, he believes that because he has filed complaints and grievances against an officer at Marion about her alleged sexual misconduct (the subject of the complaint in this case), somehow his life has been placed in jeopardy due to his living conditions. As stated previously (*see* Doc. 4), the Court finds such allegations to be tenuous, at best; Plaintiff is *not* in imminent danger of serious physical injury due to the allegations in his complaint. Therefore, the instant motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff shall pay the full filing fee of $250 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time

allotted, this case will be closed for failure to comply with an order of this Court.  FED.R.CIV.P.

41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34

F.3d 466 (7th Cir. 1994).  Such a dismissal will be *with prejudice*.

**IT IS SO ORDERED.**

**DATED: June 29, 2005**


                          <u>s/ WILLIAM D.  STIEHL</u>
                          **DISTRICT JUDGE**